*459 OPINION OF THE COURT
David O. Boehm, J.
This decision addresses a question of apparent first impression as to whether the collateral source rule effected by CPLR 4545 (c) limits the award an insurer may recover in a subrogation action.
The action was commenced by Nationwide Insurance Company in the name of its insureds, Parker and Marian Kelly, the nominal plaintiffs. Defendant, Diane Seager, here moves for summary judgment limiting the plaintiffs’ claim for damages upon the ground that CPLR 4545 (c) prevents a recovery for any cost or expense which will "be replaced or indemnified, in whole or in part, from any collateral source such as insurance”. Defendants, Harold Taylor, doing business as Taylor General Store, and Janet Taylor, join in the motion.
The claim is based upon the damage by fire of the plaintiffs’ two-story, two-family residence on Route 64, South Bristol, New York. They were indemnified for most of the resulting items of damage by Nationwide, pursuant to its insurance policy covering damages to dwelling and personal property and for costs of additional living expense. The total damages came to $73,508.90 and Nationwide paid the plaintiffs $71,518.64. Since CPLR 1004 does not require joining as a party the insurer on behalf of whose interest the action is brought, the action was brought to recover the money paid to the Kellys in their name.
Section 4545 (c) was enacted as part of a package of legislation intended to alleviate the problems of unaffordability and unavailability of liability insurance (L 1986, ch 220, § 1; see, 1986 NY Legis Ann, at 134). The Governor’s Advisory Commission on Liability Insurance noted that the purpose of the collateral source rule, which precludes reduction of damages awarded to a plaintiff by the sums received from another source on account of the injury, had been eroded by the shift in emphasis in tort law from deterring the wrongdoer to compensating the injured party regardless of fault, and that retention of the rule resulted in an expensive liability system which, "permits the overcompensation of plaintiffs, and to that extent imposes unnecessary costs on society” (Insuring Our Future, Report of the Governor’s Advisory Commission on Liability Insurance, at 136). The Advisory Commission thus recommended abolition of the collateral source rule in order to limit plaintiffs to one recovery, but yet assure full compensation while reducing the financial burden on society (id.).
*460 Although neither the report of the Advisory Commission nor CPLR 4545 (c) expressly mentions subrogation actions, defendants contend that the section requires any award an insurer may receive in a subrogation action be reduced by the amount the insurer paid to its insured.
The flaw in defendants’ argument is that the real plaintiff in a subrogation action is the insurer (in this case Nationwide) not its insureds, although the action is brought in their names (see, Siegel, NY Prac § 137, at 171). Even assuming the statute applies to subrogation actions, no reduction could be made unless the plaintiff insurer received reimbursement for its damages from a collateral source, which is never the case in a subrogation action such as this one.
As further support for their position, defendants argue that a right to subrogation does not constitute a lien but rather an equitable assignment and, therefore, the exception contained in section 4545 (c) for "collateral sources entitled by law to liens against, any recovery of the plaintiff” does not encompass Nationwide’s claim. However, whether that exception encompasses subrogation rights or not is irrelevant in this case because the exception applies only to "workers’ compensation or employee benefit programs”, not to insurance.* The only statutory exception pertaining to insurance is for life insurance.
The terms of the statute clearly limit its reach to those plaintiffs who have or will be compensated by a collateral source. The intention behind CPLR 4545 is to prevent double recovery for the same injury, and thereby to reduce insurance premiums (5 Weinstein-Korn-Miller, NY Civ Prac ¶ 4545.01, at 45-612). If recovery in subrogation actions were limited by section 4545, as defendants contend, the loss would be borne by the insured’s insurer. By not limiting recovery the insurer obtains reimbursement for moneys it pays to its insured by passing the loss on to the tort-feasor and his insurer. In either case the insured, limited by section 4545 (c), is compensated only once for his loss. The cost to the insurance industry as a whole is the same, except that the tort-feasor’s insurer will ultimately pay for the loss, placing the burden where it *461 properly belongs. The goal of reducing insurance premiums is advanced by permitting full recovery in the subrogation action because the insurer is reimbursed by the tort-feasor rather than having to increase its own premiums to obtain reimbursement. Construing section 4545 as limiting recovery in subrogation actions, therefore, does nothing to further the purpose of the legislation.
Defendants’ position is further weakened by the Legislature’s failure to delete the subrogation clause from among the standard provisions required in fire insurance policies by Insurance Law § 3404. If the Legislature intended section 4545 to apply to subrogation actions, that subrogation clause would no longer be required, since it is presumed that, "all new laws are * * * enacted with knowledge on the part of lawmakers of the scope and existence of old laws” (McKinney’s Cons Laws of NY, Book 1, Statutes § 17, at 56). Significantly, the Legislature has also not amended CPLR 1004. If it were intended that section 4545 (c) limit recovery in subrogation actions, there would no longer be any need for a statute permitting insurers to bring subrogation actions in the name of the insured.
For the foregoing reason defendants’ motion for summary judgment is denied.

 CPLR 4545 (c) requires reduction in the award a plaintiff receives for moneys received "from any collateral source such as insurance (except for life insurance), social security (except those benefits provided under title XVIII of the social security act), workers’ compensation or employee benefit programs (except such collateral sources entitled by law to liens against any recovery of the plaintiff).”